## No. 19-2142

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

SANDOR DEMKOVICH,

*Plaintiff-Appellee,*

v.

ST. ANDREW THE APOSTLE PARISH, CALUMET CITY, and THE ARCHDIOCESE OF CHICAGO,

*Defendants-Appellants.*

On Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division
Case No. 1:16-cv-11576 – Judge Edmond E. Chang

## MOTION FOR LEAVE TO FILE BRIEF *AMICI CURIAE*

| | |
|---|---|
| Thomas C. Berg<br>Religious Liberty Appellate<br>　Clinic<br>University of St. Thomas<br>　School of Law<br>MSL 400, 1000 LaSalle Ave.<br>Minneapolis, MN 55403-2015<br>(651) 962-4918<br>tcberg@stthomas.edu | Kimberlee Wood Colby<br>　*Counsel of Record*<br>Reed N, Smith<br>Center for Law & Religious<br>　Freedom<br>Christian Legal Society<br>8001 Braddock Road, Ste. 302<br>Springfield, Virginia 22151<br>(703) 894-1087<br>kcolby@clsnet.org |

*Counsel for Amici Curiae*

# MOTION

Pursuant to Federal Rule of Appellate Procedure 29, the movants listed below (together, "*Amici*") respectfully seek leave to file the accompanying amicus brief in support of Defendants-Appellants St. Andrew the Apostle Parish and the Archdiocese of Chicago, and in support of rehearing *en banc*. *Amici* include four church bodies in the Orthodox Christian tradition (together, "the Orthodox Churches"). They are the Serbian Orthodox Diocese of New Gracanica-Midwestern America, the Orthodox Church in America Diocese of the Midwest, the Greek Orthodox Metropolis of Chicago, and the Synod of Bishops of the Russian Orthodox Church Outside of Russia ("ROCOR"). Amici also include Agudath Israel of America, an Orthodox Jewish religious body; and the Christian Legal Society, a nonprofit entity that assists religious organizations on religious freedom matters.

Defendants-Appellants haves consented to the filing of this brief. Plaintiff-Appellee Sandor Demkovich does not consent to the filing of this brief.

In support of this motion, *Amici* state the following:

1. An amicus should be granted permission to file where the amicus "has a unique perspective . . . that can assist the court of appeals beyond what the parties are able to do" or a "direct interest" that could be "materially affect[ed]" by the Court's disposition. *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000).

2. This Court should grant the motion because each of the *Amici* offers a unique perspective that will assist the Court on the issue before it: whether the First Amendment's ministerial exception prohibits courts from hearing a minister's claims of a hostile work environment based on comments that his supervisor made with the intent of supervising and controlling the minister. The brief emphasizes the connection between the ministerial exception and broader principles of religious organizational autonomy set forth in decisions such as *Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

3. The *amici* Orthodox Churches have unique experience with civil-court interference in their internal affairs, and a significant interest in avoiding such interference. One *amicus* is a diocese of the Serbian Orthodox Church, whose internal governance was at issue in the seminal church-autonomy case of *Milivojevich*, *supra*. Other *amici* are Russian

Orthodox, the tradition at issue in another seminal church-autonomy case, *Kedroff v. St. Nicholas Cathedral*, 344 U.S. 94 (1952). *Amici* have a strong interest in ensuring that principles giving churches broad autonomy over their internal affairs inform the scope of the ministerial exception.

4. From cases like *Milivojevich*, the *amici* Orthodox Churches have experience of civil courts improperly second-guessing or misunderstanding the churches' structures of decision-making and authority. See, e.g., *Milivojevich*, 426 U.S. at 708-25 (holding that state courts had unconstitutionally determined that church's removal of bishop and reorganization of dioceses were "arbitrary" and violated church's own rules); *Primate and Bishops Synod of Russian Orthodox Church Outside Russia v. Russian Orthodox Church of the Holy Resurrection*, 418 Mass. 1001, 636 N.E.2d 211 (1994), *cert. denied*, 513 U.S. 1121 (1995) (holding that ROCOR, a hierarchically organized church, was nevertheless congregationally organized with respect to church property).

5. The Orthodox Churches also have a significant interest in ensuring that churches are not held liable for comments that a supervisor—in this particular case, a Roman Catholic parish priest—

makes toward another minister in the course of supervising or guiding that other minister. Such liability would interfere with important aspects of church leadership. As just one example, the Statute of the Orthodox Church in America provides that the parish priest "serves as the spiritual father and teacher of that portion of the flock of Christ entrusted to him, the first among the Parish Clergy." Article XII, Section 3(a), https://www.oca.org/statute/article-xii. This guidance function will easily be impaired if comments of guidance and control can serve as the basis for a lawsuit alleging a hostile work environment.

6. The risks of second-guessing and misunderstanding internal affairs are particularly strong with respect to Orthodox Christian traditions, many of which are relatively small and draw on ethnic traditions and are therefore unfamiliar to the broader population.

7. Consistent with the perspective and experience of the Orthodox Churches, the amicus brief presents distinct arguments for this Court's consideration. The brief emphasizes that the ministerial exception does not stand alone but rests in broader principles of a religious organization's autonomy over its internal affairs and internal governance. The brief explains such principles and why they call for

barring hostile work environment claims by ministers. For example, the brief explains how, for a hostile work environment claim, several specific elements of the plaintiff's prima-facie case and the employer's affirmative defense require a court to "engag[e] in a searching and therefore impermissible inquiry into church polity." *Milivojevich*, 426 U.S. at 723. This analysis is not present in the petition for rehearing *en banc*. See *Johnson v. U.S. Office of Pers. Mgmt.*, No. 14-C-0009, 2014 WL 1681691, at *1 (E.D. Wis. Apr. 28, 2014) (granting a motion to file an amicus brief because it "provide[d] arguments, theories, and citation to legal precedent that will be useful to the Court and are not addressed by the parties").

8. *Amicus* Agudath Israel of America likewise brings a unique perspective. Agudath Israel of America, founded in 1922, is a national grassroots Orthodox Jewish organization. Among its many functions and activities, Agudath Israel articulates and advances the position of the Orthodox Jewish community on a broad range of legal issues affecting religious rights and liberties in the United States. Agudath Israel regularly intervenes at all levels of government—federal, state, and local; legislative, administrative, and judicial (including through

the submission or participation in *amicus curiae* briefs)—to advocate and protect the interests of the Orthodox Jewish community in the United States in particular and religious liberty in general. As an organization that advocates for synagogues, schools, and other Orthodox Jewish religious organizations throughout the United States, Agudath Israel has a unique interest and perspective regarding the importance of a robust ministerial exception. That perspective will be important to the Court to ensure that its resolution of this case is appropriately sensitive to faith traditions other than the Catholic parties to the appeal. See, e.g., *Hosanna-Tabor Evangelical Lutheran Church and School v. EEOC*, 565 U.S. 171, 198 (2012) (Alito, J., joined by Kagan, J., concurring) (emphasizing the need for courts to issue rulings concerning "the important issue of religious autonomy" in a manner that accounts for diverse faiths).

9. *Amicus* Christian Legal Society ("CLS") is an association of Christian attorneys, law students, and law professors, founded in 1963. CLS operates the Center for Law and Religious Freedom ("the Center"), the nation's oldest organization committed exclusively to the protection of religious freedom. For four decades, CLS has sought to protect all

citizens' free exercise and free speech rights in the federal and state courts and legislatures. CLS was instrumental in passage of landmark federal legislation to protect persons of all faiths, including: 1) the Religious Freedom Restoration Act of 1993, 107 Stat. 1488, 42 U.S.C. § 2000bb *et seq.,* which protects the religious freedom of persons of all faiths; and 2) the Religious Land Use and Institutionalized Persons Act of 2000, 114 Stat. 803, 42 U.S.C. § 2000cc *et seq.,* which protects religious freedom for congregations and institutionalized persons of all faiths. Through the Center, CLS has served as *amicus* or counsel to *amici* in numerous cases, including both Supreme Court decisions affirming and delineating the ministerial exception, *Hosanna-Tabor*, 565 U.S. 171 (2012), and *Our Lady of Guadalupe School v. Morrissey-Berru*, 140 S. Ct. 2049 (2020). CLS has filed *amicus* briefs in key cases defending the autonomy of religious organizations in making employment decisions. See, e.g., Brief for *Amici Curiae* Christian Legal Society, et al., *Our Lady of Guadalupe School v. Morrissey-Berru*, 140 S. Ct. 2049 (2020) (No. 19-267), 2020 WL 703882; Brief for *Amici Curiae* Professor Eugene Volokh, Christian Legal Society, et al., *Hosanna-Tabor Evangelical Lutheran Church & School*, 565 U.S. 171 (2012) (No. 10-553), 2011 WL 2470847;

Brief for *Amici Curiae* Christian Legal Society, et al., *The Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter Day Saints*, 483 U.S. 327 (1987) (No. 86-179 & 86-401), 1987 WL 864773.

10. Co-counsel with CLS on this amicus brief, the Religious Liberty Appellate Clinic at the University of St. Thomas School of Law (Minnesota), has also served as counsel for various *amici* in numerous cases, including *Our Lady of Guadalupe*. The Clinic's director and co-counsel here, Professor Thomas C. Berg, is a leading First Amendment scholar, the author of *The State and Religion in a Nutshell* (West, 3d ed. 2016), and a co-author of the leading casebook in the field, *Religion and the Constitution* (Wolters Kluwer, 4th ed. 2016) (with Michael W. McConnell and Christopher Lund).

11. Recently, a published opinion of this Court cited, as a source of relevant information, the amicus brief filed by these same co-counsel—the St. Thomas Clinic and CLS—on behalf of CLS and other *amici*. *Gaylor v. Mnuchin*, 919 F.3d 420, 424 n.3 (7th Cir. 2019). This Court cited that brief as a source for the number of religious congregations that would be affected were the income-tax allowance for ministerial housing to be held unconstitutional. *Id*. Similarly in this case, the amicus brief

presents a unique perspective on why a range of religious bodies, of varying faiths, will be affected if civil courts become embroiled in claims of a hostile work environment based on a supervising minister's comments when exercising supervision and control over another minister.

12. Especially given the brevity of the petition for rehearing *en banc*, the amicus brief will add "unique perspective" from these *amici* and "will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003); see also *Johnson v. U.S. Office of Pers. Mgmt.*, *supra*, at *1.

13. Thus, *Amici* have a "unique perspective" on the important constitutional issues before this Court and should be allowed leave to file their brief.

For the foregoing reasons, *Amici* respectfully request that this Court grant leave to file the attached brief amici curiae.

Respectfully submitted.

| | |
|---|---|
| Thomas C. Berg<br>Religious Liberty Appellate<br>   Clinic<br>University of St. Thomas<br>   School of Law<br>MSL 400, 1000 LaSalle Ave.<br>Minneapolis, MN 55403-2015<br>(651) 962-4918<br>tcberg@stthomas.edu | Kimberlee Wood Colby<br>   *Counsel of Record*<br>Reed N. Smith<br>Center for Law & Religious<br>   Freedom<br>Christian Legal Society<br>8001 Braddock Road, Ste. 302<br>Springfield, Virginia 22151<br>(703) 894-1087<br>kcolby@clsnet.org |

*Counsel for Amici Curiae*

October 13, 2020

# CERTIFICATE OF SERVICE

I certify that on October 13, 2020, the foregoing Motion for Leave to File a Brief *Amici Curiae* and attached brief were served on counsel for all parties by means of the Court's ECF system.

<u>s/ Kimberlee Wood Colby</u>

Kimberlee Wood Colby
Counsel of Record for
　　*Amici Curiae*

Dated: October 13, 2020